CHADWICK et al. v. WILEY et al.

(District Court, E. D. New York. July 7, 1904.)

1. COLLISION—STEAMER AND SAILING VESSEL MEETING—CHANGE OF COURSE BY STEAMER.

A schooner *held* not chargeable with contributory fault for a collision with a steamer, brought about by the gross fault of the latter in changing her course so as to cross the schooner's bows when they were approaching nearly head on, on the ground that she should have luffed, where there was very little time for such maneuver after the steamer was seen to change her course, and no certainty that it would then have avoided the collision.

In Admiralty. Suit for collision.

Wing, Putnam & Burlingham, for libelants.

Hyland & Zabriskie (Charles M. Hough, of counsel), for respondents.

THOMAS, District Judge. With the burden of proof on the respondents, it is not sufficiently clear that the failure of the Lockwood to luff contributed to the collision. The master testified:

"I was just getting on deck about the time she struck—getting on deck—and she struck pretty near the time I got on deck. * * * Q. When did you see the steamer? A. * * * About two points on the port bow. * * * She was showing her green lights then. Q. How far distant was she then? A. I guess perhaps a quarter of a mile, when I saw her. I don't know. An eighth of a mile I guess. * * * Q. When you were called on deck, tell me what was said by the person who called you? A. The mate says, 'There is a steamer coming.' I came on deck, and I says, 'What is the matter?' He says, 'That fool of a steamer is putting his wheel up, and is sheering across our bow, and he will be into us. Q. When you got on deck, did you see the steamer? A. Yes. Q. Did you see her hull? A. Yes, sir. Q. See the whole of her? A. * * * I guess she was about an eighth of a mile [away]. She was pretty close to us. Q. And she was then sheering under a starboard wheel? A. Yes, sir."

It appears that the schooner was going three or four knots per hour and the steamer at full speed. Although the schooner was on a course northeast one-half north, with the wind north-northwest, and the steamer was going at full speed, and changing from southwest by south one-half south, until at the time of the collision she was heading south one-half east, yet it is apparent that the time for change of course on the part of the schooner was very limited. Whether the mate at the wheel, not called as a witness, saw the steamer sheering before he summoned the captain, or before the captain same on deck, does not clearly appear, although it is inferable that the steamer had begun to sheer before the captain arrived. Just how much time the mate had to luff is in doubt. It does seem that it would have been better had the schooner luffed, but it is not sufficiently clear that either the mate or captain were guilty of culpable negligence in not luffing after the steamer had made the gross error of starboarding across the schooner's bow; or that, if the schooner had luffed, she would have cleared the steamer, although it seems probable that such maneuver would have caused the vessels to clear. In any case it is regarded as a mere mistake of judgment, that should not condemn the schooner.

The cargo should contribute in general average. The amount will be determined on a reference, but salvage will be excluded.